## CARY ROBINSON *v.* HIS CREDITORS.

Where one of the creditors of an insolvent, has within the ten days following the appointment of the syndic, opposed his application for the benefit of the laws relative to the voluntary surrender of property, on a charge of fraud, and the debtor, by failing to answer the interrogatories propounded to him by the opponent, has established the charge, the latter will not be allowed to discontinue his opposition, which may be prosecuted by any creditor,though he may not have opposed the surrender within the ten days.

Where an insolvent debtor, who has applied for the benefit of the laws relative to the voluntary surrender of property, has, subsequently to his application, done any act which amounts to a fraud upon his creditors, and which could not, from the time when it was done, have been presented in an opposition filed within the ten days following the appointment of the syndic, he may be opposed after the expiration of the ten days.

APPEAL from the District Court of the First District, *Buchanan,* J. The plaintiff, a money broker, having filed his petition praying to be allowed to surrender his property for the benefit of his creditors, the cession was accepted by the court, and a meeting of the creditors fixed for the 18th of April. Joseph Lallande was placed on his schedule as a creditor for $2063 58, and Connolly and Elder for $1569 63. Lallande did not attend the meeting of the creditors ; but Thomas S. Elder, of the firm of Connolly and Elder, as attorney in fact for Erskine and Eichelberger, did. The latter declared that the insolvent was indebted to his principals in the sum of $1675, and refused to accept the surrender, on the ground that the applicant had not rendered a true and correct statement of his affairs. A syndic was appointed. On the 28th of April, Lallande filed an opposition to the application of the plaintiff, alleging that the insolvent had committed ' fraudulent acts to the prejudice of his creditors, and of the opponent in particular,' and propounding interrogatories to him, which were ordered to be answered under oath. The opponent further prayed, that the order suspending proceedings against the person and property of the insolvent, might be annulled, and the meeting of creditors and appointment of syndic set aside, and that he might have a judgment for $2005, with interest from judicial demand. On the 14th of May, the proceedings of the creditors were homologated, the appointment of syndic confirmed, and his bond approved. On the 30th of the same month, Elder, as the

Robinson *v.* His Creditors.

agent of Erskine and Eichelberger, filed his opposition to the application of the insolvent, alleging that the latter was indebted to his principals in the sum of $1675, for money obtained from them, through the house of Connolly and Elder, of which the opponent was a member, and charging the insolvent with fraud. To this opposition also, a series of interrogatories were annexed, which were ordered to be answered. On the 12th of June, a rule was taken on the opponent to show cause why the order, requiring the interrogatories to be answered, should not be rescinded, and the opposition dismissed. On the 15th, the order was rescinded, and the opposition dismissed. On the 10th of November, it was ordered that the interrogatories propounded by Lallande should be taken for confessed; and on the 20th of February following, Lallande moved for and obtained permission to discontinue his opposition. On the 23d of the same month, a rule was taken by the counsel of Erskine and Eichelberger, on the insolvent and Lallande, to show cause why Erskine and Eichelberger should not be allowed ' to intervene and carry on the opposition of the latter, and to oppose the insolvent on the grounds set forth in a petition of intervention to be filed on the trial of the rule.' On the 1st of the ensuing month, the rule was discharged, on the ground that the opposition was too late, ten days having elapsed since the meeting of the creditors ; and from this decision Erskine and Eichelberger have appealed.

Annexed to the record is a certified copy of the petition of the appellants, which was offered to be filed on the trial of the rule, and rejected by the court. In this petition it is alleged, that the insolvent had given Lallande a draft or drafts for the amount of his debt, on the condition that he would withdraw his opposition, and that it was withdrawn accordingly. This petition also contained other charges of fraud against the insolvent, for acts anterior to his application for the benefit of a surrender. An affidavit, made before a magistrate, by the agent of the petitioners, was annexed to this petition, in which the allegations it contained were stated to be true, to the best of his knowledge and belief.

This case was argued, *ex parte*, by *Eggleston*, for the appellants.

MARTIN, J. Lallande a creditor of the insolvent, who had filed an opposition to his discharge, having moved and obtained leave to discontinue his opposition, Erskine and Eichelberger, two of the

other creditors, took a rule on the insolvent and Lallande, to show cause, why they, the said Erskine and Eichelberger, should not be allowed to intervene and continue Lallande's opposition, and oppose the insolvent's discharge on various grounds contained in a petition of intervention to be filed on the trial of the rule. The rule was discharged. The applicants took a bill of exceptions to the opinion of the court, refusing them leave to file their petition of intervention, and have appealed. Lallande had filed his opposition on the ground of fraudulent practices on the part of the insolvent, whose conscience he had attempted to probe by interrogatories, and whose refusal to answer, fully established the charge. On the payment of his debt being secured to him by the insolvent *, Lallande agreed to and actually did withdraw his opposition.

The appellants' counsel contends that the consideration which induced Lallande to withdraw his opposition, is one which the law abhors, and that he obtained an illegal preference. *Waith* vs. *Harper*, 3 Johns, 386. That the preference which the insolvent granted to Lallande, if given as alleged, is a new fraud against his other creditors. That the obligations given by a petitioning insolvent to one creditor, to withdraw his opposition, or not to oppose him, are contrary to legal policy, and a fraud upon the other creditors. That they had a right to rely upon Lallande's opposition, and he had no right to negotiate away their rights. *Waite* vs. *Harper*, 2 Johns, 388. *Brice* vs. *Lee et al.*, 4 Ib., 410. *Yeatman* vs. *Chatterton*, 7 Ib., 296. *Wiggin and Wiggin* vs. *Bush*, 12 Ib., 307. *Tuxbury* vs. *Miller*, 19 Ib., 311. *Baker* vs. *Matlock*, 1 Ashmead, 57. *Rogers* vs. *Kingston*, 2 Bingham, 441. *Jackson* vs. *Dawson*, 4 Barn and Ald., 691. *Wills* vs. *Girling*, 5 Moody, 78. The counsel has further contended, that the court erred in rejecting his petition of intervention offered at the trial of the rule, on the ground that it came too late, ten days having expired from the meeting of the creditors, the preference granted to Lallande by the insolvent being a new fraud on the part of the latter, long after the meeting

---

* This is a mistake. The petition offered to be filed by the attorney in fact of Erskine and Eichelberger, and rejected by the court, *alleges* that the payment of his debt was secured to Lallande *by the insolvent;* but there is no evidence whatever in the record, to establish the allegation.     REPORTER.

of the creditors, and such therefore as could not have been presented in the original opposition.

It appears to us that the court erred in permitting Lallande to discontinue his opposition, and refusing to the appellants leave to continue it, and to file their petition of intervention.

It is therefore ordered, that the judgment be reversed, and ours is that the judgment of the District Court ordering the discontinuance of the opposition of Lallande be set aside, and that the above rule, obtained against him and the insolvent, be made absolute ; and that the case be remanded for further proceedings, with directions to the judge, to allow the filing of the appellants' petition of intervention. The costs to be paid by the appellee.